No. 11,206.

SPARKS v. ELDRED.

Decided September 14, 1925.

Election contest over the office of county judge. Demurrer to petition sustained.

*Affirmed.*

1. ELECTIONS—*Contest—Pleading.* In an election contest over the office of county judge, the incorporation of the notice of contest in contestor's petition, without further allegation of facts, does not constitute a statement of the grounds of contest as required by rule 87 of the Supreme Court and by logical pleading.

2. PLEADING—*Documents—Facts.* The statement in a pleading that the pleader has previously alleged a fact, even in a document in the same proceeding, is not an allegation of that fact.

*Error to the District Court of Fremont County, Hon. Francis E. Bouck, Judge.*

Mr. T. LEE WITCHER, Mr. WILLIAM B. STEWART, for plaintiff in error.

Mr. JOSEPH W. FOSTER, Mr. JAMES T. LOCKE, Mr. EDWIN H. STINEMEYER, Mr. JOSEPH H. MAUPIN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS was an election contest for the office of county judge of Fremont county. A demurrer to the petition of

(55)

Sparks, the contestor, was sustained and he assigns error thereon.

There was no error.   The petition directly alleged nothing as to the grounds of the contest (see rule 87), but stated that a notice of contest (see rule 85) had been filed with the county clerk, which it set forth in full.   This notice states the grounds but the contestee claims that that does not constitute a statement of the grounds as required by rule 87 and by logical pleading.   The claim is right.   A statement that Sparks filed a notice which stated facts is not a statement of those facts.   Sparks made oath to the petition as required by rule 87.   Could he be convicted of perjury on that oath if the statements in the notice were false?   How could an issue be made on one of those statements?   What would be the effect of a general denial?   It would deny that such a notice was filed, but not the statements in it.

We need not here go so far as to say, as some courts have done, that allegations in a document are never the allegations of the pleading that quotes it, but we say that the statement that the pleader has previously alleged a fact, even in a document in the same proceeding, is not an allegation of that fact.

Contestor urges that rule 2 permits one to make a document a part of his pleading by attaching it as an exhibit. This means that so attaching it amounts to the same thing as if it were set forth in the body of the pleading, as was the practice before the rule.   Contestor's counsel adopted the old method, so the rule is irrelevant to the question now before us.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD, concur.